IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MATTHEW ABRAHAM MARTINEZ, § <br> Petitioner, § <br> § <br> v. § <br> § Civil Action No. 4:11-CV-861-Y <br> RICK THALER, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.  PARTIES**

Petitioner Matthew Abraham Martinez, TDCJ-ID #1379619, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

On March 22, 2006, pursuant to a plea bargain agreement, petitioner pled guilty to one count of aggravated robbery with a deadly weapon in 213th District Court of Tarrant County, Texas, and was placed on ten years' deferred adjudication community supervision. (State Habeas R. at 47) Petitioner did not directly appeal the deferred adjudication judgment; thus the judgment became final under state law thirty days later on April 21, 2006. *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); TEX. R. APP. P. 26.2(a)(1). Thereafter, on July 7, 2006, upon the state's motion, the trial court adjudicated petitioner's guilt for the offense and sentenced him to 45 years' imprisonment. (State Habeas R. at 58) Petitioner appealed the judgment adjudicating guilt, but the appeal was dismissed on his motion on June 7, 2007. (State Habeas R. at 60) Petitioner did not file a petition for discretionary review; thus, the judgment adjudicating guilt became final under state law thirty-two days later on July 9, 2007.[1] (Resp't MTD, Ex. A)

Also, on October 31, 2008, petitioner filed a state postconviction application for writ of habeas corpus, raising one or more of the claims raised herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on May 12, 2010. (State Habeas R. at cover) This federal petition for writ of habeas corpus is deemed filed on December 7, 2011.[2] Thaler has filed a motion to dismiss the petition on limitations grounds. (Resp't MTD 3-7)

---

[1] July 7, 2007, was a Saturday.

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

**D.     ISSUES**

Petitioner claims he received ineffective assistance of trial counsel during the revocation hearing and ineffective assistance of counsel on appeal of the judgment adjudicating guilt. (Pet. at 6)

**E.     STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's ineffective assistance claims involve alleged acts or omissions by trial and appellate counsel related to the adjudication proceedings. Thus, under § 2244(d)(1)(A), the limitations period commenced when the trial court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely petition for discretionary review on July 9, 2007, and expired one year later on July 9, 2008, absent any applicable tolling.

Petitioner's state habeas application, filed on October 31, 2008, after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, his federal petition filed on December 7, 2011, is untimely unless he can demonstrate circumstances warranting tolling as a matter of equity. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, ___ (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Nothing in the record suggests that petitioner was actively misled by a party or that he was prevented in some extraordinary way from asserting his rights. His pro se status and ignorance of the law do not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.14 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

Petitioner's federal petition was due on or before July 9, 2008. Thus, his petition filed on December 7, 2011, is untimely.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss be granted, and the petition for writ of habeas corpus dismissed on limitations grounds.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 25, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

5

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 25, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May __4__, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE